IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No: 3:12-CR-413-L |
| | § | Hon. Sam A. Lindsay |
| BARRETT LANCASTER BROWN | § | |

## MOTION TO CONTINUE TRIAL AND PRETRIAL DEADLINES

Defendant BARRETT LANCASTER BROWN files this motion to continue trial and pretrial deadlines and in support thereof, would show the Court the following:

I.

Mr. Brown is charged with seventeen counts in three separate indictments. This matter is presently scheduled for a trial on September 23, 2013. *See* Pretrial Order, Dkt. 18. Undersigned counsel entered an appearance into this case on May 1, 2013. This Court has set a deadline of August 9, 2013 for the filing of pretrial motions. *See* Pretrial Order, Dkt. 39.

The volume of discovery in this case is substantial. The discovery in this matter consists of the following sets of material, among others:

(1) Electronically Stored Information (ESI) comprising a two-terabyte external hard drive containing seven images derived from three hard drives.

(2) Six DVD ROMs obtained from the Office of the Federal Public Defender (FPD), consisting of scanned documents and other evidentiary items (documents, video files and audio files) in electronic form.

(3) Seven search warrants and their related returns, applications, affidavits and attachments.

(4) The transcript from the Probable Cause and Detention Hearing held in September of 2012.

Undersigned counsel for Mr. Brown only began receiving discovery (in the form of six DVD ROMs from the FPD) in June and has been cataloging it since that time.

Additionally, Mr. Brown has retained a forensics vendor to complete the processing of the electronically stored information (ESI). According to the vendor, the ESI consists of several million files including files that contain Internet history, email, chat, system, metadata, embedded metadata, and other potentially relevant information. The vendor has indicated that while he is continuing the work already started by the FPD's forensic examiner, there is a significant volume of files that are still being processed and filtered. On July 30, 2013, the vendor provided an updated estimate that it will take an additional one to two months to fully complete the processing and review required for the investigation. It is undersigned counsel's understanding from the ESI vendor and the FPD's investigator that the length of time required by the vendor to complete the processing is significantly less than the time that the FPD would have required to due to the vendor's superior hardware and software. Once the ESI has been processed, counsel for Mr. Brown will require a period of no less than four weeks to review and assimilate the discovery to determine what pretrial motions, if any, are appropriate.

Over the course of reviewing the discovery provided to the FPD by the government, counsel became aware that there were several categories of discovery not included in the initial disclosure including: (1) seven search warrants and their related returns, applications, affidavits and attachments, and (2) transcripts of the probable cause and detention hearing conducted in September of 2012. Counsel promptly wrote to the government requesting, *inter alia*, all search warrant materials. *See* Defendant's Discovery Letter of July 1, 2013 (attached as Exhibit A). The government responded that it was in the "process of requesting that the search warrant documents be unsealed for the limited purpose of providing discovery" and was still "in the process of reviewing additional data more recently received to determine whether the same contains Brown's statements for discovery purposes." *See* Government's Discovery Response of July 12, 2013 (attached as Exhibit B). The government provided materials related to seven search warrants on July 15, 2013. The probable cause and detention hearing transcripts have yet to be received.[1]

Counsel also requested a bill of particulars clarifying certain allegations in the indictments, in an effort to expeditiously prepare a defense without having full access to the discovery. *Id.* The government responded that the "indictments and discovery provided to the defense to date contain considerable specificity about the allegations and the available evidence." Government's Bill of Particulars Response of July 12, 2013 (attached as Exhibit C). Thus, without a review of the processed ESI, Mr. Brown is

---

[1] The government filed an unopposed motion to conditionally unseal the transcripts on July 12, 2013. It was granted on July 17, 2013.
[2] To the extent a review of the processed ESB does not satisfy the particulars sought by

unable to determine whether the particulars sought are indeed satisfied by the discovery, or whether he needs to move this Court for appropriate relief.[2]

The undersigned certify to this Court that they are preparing for this case with due diligence and that this Motion is not made for purposes of delay. When they entered an appearance into this case, counsel indicated their intent to try this case as scheduled. At that hearing, the FPD attorney assigned to Mr. Brown noted that this was ambitious given the state of discovery. Indeed, at that time, undersigned counsel was not as well acquainted as the FPD attorney with the status of discovery or the progress of the ESI processing.

Undersigned counsel and staff continue to process and prepare the large amount electronic discovery so that it is accessible to counsel, counsel's staff, and Mr. Brown. A district court may continue a case when:

> the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), [but] would . . . deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(8)(B)(iv).

Without access to the extraordinary amount of forensic evidence at issue, Mr. Brown cannot prepare for trial. Nor can he file appropriate motions that are likely to have impact on what evidence will be presented at trial. Thus, the defense will need an opportunity to review several terabytes of *data that is currently being processed*, in

---

[2] To the extent a review of the processed ESI does not satisfy the particulars sought by the Defendant, counsel intends to seek leave to file a Motion for a Bill of Particulars.

addition to conducting meaningful research and investigation of the issues presented therein.  This is particularly so given the complexities and novel issues in this case, and the particulars sought by the Defense in their Letter of July 1, 2013.

For these reasons, the Defense respectively submits the following proposed scheduling order to the Court:

Substantive Motions

    Motions due on or before November 18, 2013.

    Oppositions due on or before December 2, 2013.

    Replies due on or before December 9, 2013.

Motions *in Limine*

    Motions due on or before December 30, 2013.

    Oppositions due on or before January 13, 2013.

    Replies due on or before January 20, 2013.

Motion Hearings

    Substantive Motion Hearing on or before December 23, 2013.

    *In Limine* Motion Hearing and Pretrial Conference on or before January 27, 2013.

Trial Dates

    Trial Dates on or after February 3, 2013.

II.

The undersigned has discussed the above issues and proposed schedule with the government. The government opposes any continuance.

III.

WHEREFORE, PREMISES CONSIDERED, for the reasons set forth above, and in the interest of judicial economy, Defendant Brown moves for a Scheduling Order as set forth above.

Respectfully submitted,

  -s- *Ahmed Ghappour*
AHMED GHAPPOUR
*Pro Hac Vice*
Civil Rights Clinic
University of Texas School of Law
727 East Dean Keeton St.
Austin, TX 78705
415-598-8508
512-232-0900 (facsimile)
aghappour@law.utexas.edu

CHARLES SWIFT
*Pro Hac Vice*
Swift & McDonald, P.S.
1809 Seventh Avenue, Suite 1108
Seattle, WA 98101
206-441-3377
206-224-9908 (facsimile)
cswift@prolegaldefense.com

MARLO P. CADEDDU
TX State Bar No. 24028839
Law Office of Marlo P. Cadeddu, P.C.
3232 McKinney Ave., Suite 700
Dallas, TX 75204
214.744.3000
214.744.3015 (facsimile)
mc@marlocadeddu.com
*Attorneys for Barrett Lancaster Brown*

CERTIFICATE OF CONFERENCE

I certify that on July 30, 2013, I conferred with Ms. Candina Heath, counsel for the government and she is in not in agreement with the relief requested.

/s/ Ahmed Ghappour
AHMED GHAPPOUR
/s/ Charles Swift
CHARLES SWIFT
/s/ Marlo P. Cadeddu
MARLO P. CADEDDU
*Attorneys for Barrett Lancaster Brown*

CERTIFICATE OF SERVICE

I certify that today, July 31, 2013, I filed the instant motion using the Northern District of Texas's electronic filing system (ECF) which will send a notice of filing to all counsel of record.

/s/ Ahmed Ghappour
AHMED GHAPPOUR
/s/ Charles Swift
CHARLES SWIFT
/s/ Marlo P. Cadeddu
MARLO P. CADEDDU
*Attorneys for Barrett Lancaster Brown*