IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | No: 3:12-CR-317-L |
| v. | § | No: 3:12-CR-413-L |
| | § | No: 3:13-CR-030-L |
| BARRETT LANCASTER BROWN | § | |

**RESPONSE TO GOVERNMENT'S MOTION FOR
RECIPROCAL DISCOVERY AND NOTICE UNDER FED. R. CRIM. P. 12.2**

BARRETT LANCASTER BROWN, through his counsel, respectfully submits his
response to the government's Motions for Reciprocal Discovery (Dkt. 46) and Notice Pursuant to
Fed. R. Crim. P. 12.2 (Dkt. 47).[1]

**I.**

**RESPONSE TO MOTION FOR RECIPROCAL DISCOVERY**

The government requests an Order pursuant to Fed. R. Crim. P. 16(b)(1)(A-B) and 26.2.
Specifically, the government asks for an Order that the defense produce "(a) [a]ny documents
which the defendant intends to use in his case in chief,  (b) [a]ny digital evidence which the
defendant intends to use in his case in chief, and (c) [a]ny results or reports of physical or mental
examinations and of scientific tests or experiments made in connection with the case." The
government also requests that discovery be provided not later than thirty days prior to the trial
setting and requests an Order "barring the introduction and use at trial of any evidence not
produced by the defendant in response to this motion for reciprocal discovery."

_____

[1] Mr. Brown notes that identical motions were submit by the government in 12-CR-317 (Dkt. 37,
38), and not ruled on by the Court.  Mr. Brown respectfully requests that the Court accept
foregoing in response to those motions.

Rule 16(b) requires a defendant to disclose reciprocal discovery if "the item is within the defendants' possession, custody, or control" and "the defendant intends to use the item in the defendant's case-in-chief at trial." Fed. R. Crim. P. 16(b).  Therefore, Mr. Brown's obligations do not extend to documents in the government's possession that he intends to use in his case-in-chief at trial, except, as he is required to disclose trial exhibits.  Moreover, Mr. Brown's obligations under Rule 16(b) do not extend to examinations, scientific tests or experiments unless the "defendant intends to use the item in the defendant's case in chief or intends to call the witness who prepared the report, and the report relates to the witness' testimony." *Id.*

Mr. Brown acknowledges his obligations regarding reciprocal discovery, and will comply with the dictates of Fed. R. Crim. P. 16(b)(1)(A–B) and 26.2.  Currently every document Mr. Brown intends to use in his case in chief is in the control and possession of the government.  Should an item that is not in the custody and control of the government come into Mr. Brown's possession, it will be provided to the government in accordance with his obligations under Rule 16(b), as identified above.

The government also requests reciprocal discovery to be provided "not later than thirty days prior to the trial setting," or risk preclusion by the Court.  Local Rule 16.1 states that exhibits, exhibit lists and witness lists must be exchanged between opposing parties at least fourteen days prior to trial.  *See* L.Cr.R. 16.1.  Thus, the government's request effectively compels Mr. Brown to provide his case-in-chief to the government before viewing the government's case-in-chief, or risk evidentiary preclusion.  Mr. Brown cannot possibly anticipate every aspect of his case-in-chief prior to the government putting on it's case-in-chief.  Nor should Mr. Brown's disclosure obligations under Rule 16(b) preclude him from later designating and using any evidence identified during preparation for trial, or after hearing evidence and

testimony presented in the government's case-in-chief.

As such, Mr. Brown respectfully proposes an Order requiring (1) the government to provide its exhibits, exhibit lists and witnesses thirty five days prior to trial; and (2) the defense to provide (i) documents pursuant to 16(b) and 26.2; and (ii) exhibits, exhibit lists and witnesses, thirty days prior to trial. It would also be appropriate, and in the interests of justice, for the Court to allow timely supplemental disclosure when additional documents are identified, and as government's case-in-chief is viewed by the defense in trial.

Mr. Brown's proposal satisfies the government's request that "the discovery be provided not later than thirty days prior to the trial setting."  It will enable the defense to provide a more fulsome set of documents that reflect Mr. Browns case-in-chief because they will be responsive to the witnesses and exhibits the government expects to present in it's case-in-chief. Consequently, both the government and the defense will receive a "complete, truthful disclosure of the critical facts," sufficiently prior to trial to allow both parties to be adequately prepared. *Taylor v. Illinois*, 484 U.S. 400, 412 (1988).

Mr. Brown's proposal is in the interests of justice and judicial efficiency.  It satisfies the Federal Rules of Criminal Procedure, the Local Rules, and the Scheduling Order entered by the Court in this case.  As such, it should be adopted by the Court.

## II.

### RESPONSE TO MOTION FOR 12.2 NOTICE

The government requests that Mr. Brown provide written notice pursuant to Fed.R.Crim.P. 12.2(b), and disclosure of reports pursuant to Fed. R. Crim. P. 12.2(c) at least thirty days prior to the trial date.  Mr. Brown has no objection, and will comply.

Respectfully submitted,

  -s- *Ahmed Ghappour*
AHMED GHAPPOUR
*Pro Hac Vice*
Civil Rights Clinic
University of Texas School of Law
727 East Dean Keeton St.
Austin, TX 78705
415-598-8508
512-232-0900 (facsimile)
aghappour@law.utexas.edu

CHARLES SWIFT
*Pro Hac Vice*
Swift & McDonald, P.S.
1809 Seventh Avenue, Suite 1108
Seattle, WA 98101
206-441-3377
206-224-9908 (facsimile)
cswift@prolegaldefense.com

MARLO P. CADEDDU
TX State Bar No. 24028839
Law Office of Marlo P. Cadeddu, P.C.
3232 McKinney Ave., Suite 700
Dallas, TX 75204
214.744.3000
214.744.3015 (facsimile)
mc@marlocadeddu.com
*Attorneys for Barrett Lancaster Brown*

<u>CERTIFICATE OF SERVICE</u>

    I certify that today, August 22, 2013, I filed the instant motion using the Northern District of Texas's electronic filing system (ECF) which will send a notice of filing to all counsel of record.

/s/ Ahmed Ghappour
AHMED GHAPPOUR
/s/ Charles Swift
CHARLES SWIFT
/s/ Marlo P. Cadeddu

MARLO P. CADEDDU
*Attorneys for Barrett Lancaster Brown*