

**SEALED**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO.  3:12-CR-317-L |
| | NO.  3:12-CR-413-L |
| v. | (Supersedes Indictment Returned |
| | on Dec. 4, 2012 and July 2, 2013.) |
| BARRETT LANCASTER BROWN (1) | |

PLEA AGREEMENT

BARRETT LANCASTER BROWN, the defendant's attorneys Ahmed Ghappour, Charles Swift, and Marlo P. Cadeddu, and the United States of America (the government) agree as follows:

1. **Rights of the defendant:**   Brown understands that he has the rights

    a. to have the allegations set out in the Superseding Information in cause number 3:12-CR-413-L presented to a Grand Jury for indictment;

    b. to plead not guilty;

    c. to have a trial by jury;

    d. to have his guilt proven beyond a reasonable doubt;

    e. to confront and cross-examine witnesses and to call witnesses in his defense; and

    f. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**:   Brown waives these rights and pleads guilty to Count One of the Indictment in cause number 3:12-CR-317-L charging a violation of 18 U.S.C. §875(c) (Transmitting a Threat in Interstate Commerce), and to *both* counts of a two count Superseding Information in cause number 3:12-CR-413-L , charging in Count One a

violation of 18 U.S.C. § 3 (§§ 1030(a)(5)(B) and 1030(c)(4)(A)(i)(I)) (Accessory After the Fact in the Unauthorized Access to a Protected Computer), and in Count Two a violation of 18 U.S.C. §§ 1501 and 2 (Interference with the Execution of a Search Warrant and Aid and Abet). Brown understands the nature and elements of the crimes to which he is pleading guilty, and agrees that he committed the essential elements of those crimes.

3. **Defendant's Agreement to Withdraw Pending Motions:** The government moved to dismiss Count One, and Counts Three through Twelve of the 3:12-CR-413-L Indictment. When this Plea Agreement is filed, Brown agrees to withdraw any pending pretrial motions in 3:12-CR-317-L, 3:12-CR-413-L, and 3:13-CR-030-L, including his motions to dismiss the Indictments and/or the Superseding Indictment.

4. **Sentence**: Statutorily, the maximum penalties the Court can impose upon Brown's plea of guilty include:

   a. imprisonment for a period not to exceed 102 months, consisting of a statutory maximum of 60 months for Count One in 3:12-CR-317-L, 30 months for Count One of the Superseding Information in 3:12-CR-413-L; and 12 months for Count Two of the Superseding Information in 3:12-CR-413-L.

   b. a fine not to exceed $475,000,00,[1] or twice any pecuniary gain to the defendant or loss to the victim(s);

   c. a term of supervised release not more than three years may follow any term of imprisonment. If Brown violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

   d. a mandatory special assessment of $250;

---

1 The Court may impose $250,000.00 for Count One of 3:12-CR-317-L; $125,000 for Count One of the Superseding Information in 3:12-CR-413-L; and $100,000.00 for Count Two of the Superseding Information in 3:12-CR-413-L.

Plea Agreement / Brown - Page 2

Brown's Initials

e.  restitution to the victim in this case which may be mandatory. Brown understands that the Court may order additional restitution arising from all relevant conduct and not limited to that arising from the offense of conviction alone; and

f.  costs of incarceration and supervision.

5.  **Court's sentencing discretion and role of the Guidelines:** Brown understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Brown has reviewed the guidelines with his attorneys, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the government recommends that the appropriate sentencing guideline range for a loss relating to Brown's violation of 18 U.S.C. § 3 is more than $400,000.00 but less than $1,000,000.00 based on Strategic Forecasting Inc.'s estimated loss relating to the remediation of its computer system. Strategic Forecasting Inc. was the primary victim of the unauthorized access associated with Brown's violation of 18 U.S.C. § 3. However, Brown understands that this loss recommendation is not binding on the Court, and he will not be allowed to withdraw his plea if the recommendation is not adopted, if the applicable advisory guideline range is higher than expected, or if the Court departs from the applicable advisory guideline range. Brown fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court. Moreover, if the government obtains evidence that makes the recommendation inappropriate, the government will disclose that evidence to both the Court

Plea Agreement / Brown - Page 3


Brown's Initials

and Brown, and will be permitted to withdraw its recommendation without being found in breach of this agreement.   In the event that the government withdraws its recommendation due to a determination that the loss is $1,000,000.00 or more, Brown will be permitted to withdraw his plea without being found in breach of this agreement.

6.     **Factual Resumé:**  Brown agrees that the factual resumé he signed is true and will be submitted as evidence.   Brown also understands that "the District Court may consider acts in addition to the acts underlying the offense of conviction so long as those other acts constitute relevant conduct as defined in the guidelines,"[2] that is, the District Court may consider facts beyond those documented in the Factual Resumé.

7.     **Mandatory special assessment**:   Prior to sentencing, Brown agrees to pay to the United States District Clerk the amount of $250.00,[3] in satisfaction of the mandatory special assessments in this case.

8.     **Defendant's agreement:**   Brown shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Upon demand, Brown shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution.   Brown expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court.   Brown fully understands that any financial

---

2     *United States v. Fowler*, 216 F.3d 459, 461 (5th Cir. 2000) and U.S.S.G. § 1B1.3.
3     $100.00 in Count One of 3:12-CR-317-L; $100.00 in Count One of the Superseding Information; and $50.00 in Count Two of the Superseding Information

Plea Agreement / Brown - Page 4

*BB*
Brown's Initials

obligation imposed by the court, including a restitution order and/or the implementation of a fine, is due and payable immediately.   In the event the Court imposes a schedule for payment of restitution, Brown agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy defendant's full and immediately enforceable financial obligation. Brown understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the court.

9.   **Government's agreement**:   The government will not bring any additional charges against Brown based upon the conduct underlying and related to Brown's plea of guilty. The government agrees not to institute any other charges for violations of 18 U.S.C. §§ 1028 or 1029 based on the personal identifying information and financial information of other persons maintained on Brown's data storage devices seized pursuant to the Search Warrants in March 2012 or September 2012.   In addition, the Government will dismiss the remaining counts in cause number 3:12-CR-317-L; and the original Indictment and the Superseding Indictment in cause number 3:12-CR-413-L;[4] and the original Indictment in cause number 3:13-CR-030-L at the time of sentencing.   The government will file a Sealed Plea Agreement Supplement signed by the parties in this case, as is routinely done in every case, even though there may or may not be any additional terms.   This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind

---

[4]   The Court granted the government's motion to dismiss Count One, and Counts Three through Twelve of the 3:12-CR-413-L Indictment.

Plea Agreement / Brown - Page 5

Brown's Initials

any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Brown or any property.

10. **Violation of agreement**: Brown understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Brown for all offenses of which it has knowledge. In such event, Brown waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that (a) the plea was involuntary, (b) the Plea Agreement was breached by the government, or (c) the government withdrew its Fed. R. Crim. P. 11(c)(1)(B) recommendation as provided in paragraph 5, Brown also waives any objection to the use against him of any information or statements he has given to the government, and any resulting leads.

11. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

12. **Relinquishment of Interest in Property:** Brown agrees to relinquish all interest in the property identified in Attachment A, and agrees to waive all his legal right, title, and ownership interest in the property. Brown agrees not to assert any ownership, proprietary, or possessory interest in this property at any time in the future. Brown agrees to take all steps, as requested, to pass clear title to this property to the Federal Bureau of Investigation,

including executing any and all documents necessary to transfer all interest he has or holds in this property.

13.     **Loss:**   The loss attributed to Brown and related to Count One of the Superseding Information (3:12-CR-413-L) is more than $10,000.00 but less than $30,000.00.   (U.S.S.G. § 2B1.1(b)(1)(C)).   Brown understands that this statement is not binding on the Court.

14.     **Waiver of right to appeal or otherwise challenge or seek reduction in sentence:** Brown waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence.   He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.   He further waives his right to seek any future reduction in his sentence (e.g., based on a change in sentencing guidelines or statutory law).   Brown, however, reserves the rights (a) to bring a direct appeal of a sentence exceeding the statutory maximum punishment that is applicable at the time of his initial sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, or (c) to bring a claim of ineffective assistance of counsel.

15.     **Representation of counsel**:   Brown has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation.   Brown has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement.

Plea Agreement / Brown - Page 7

*BB*
Brown's Initials

Because he concedes that he is guilty, and after conferring with his lawyer, Brown has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

16. **Entirety of agreement:** This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties. This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in court. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

APPROVED:

_____ 3-31-14
LINDA C. GROVES   Date
Deputy Criminal Chief

_____ 3-31-2014
CANDINA S. HEATH   Date
Assistant United States Attorney
Texas State Bar No. 09347450
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Tel: 214-659-8600
Fax: 214-767-2846
candina.heath@usdoj.gov

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____ 3/27/14
BARRETT LANCASTER BROWN   Date
Defendant

Plea Agreement / Brown - Page 8

_____
Brown's Initials

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____          3/27/14.
AHMED GHAPPOUR                            Date
Attorney for Defendant

_____          3/27/14
CHARLES SWIFT                             Date
Attorney for Defendant

_____          3/27/14
MARLO P. CADEDDU                          Date
Attorney for Defendant