IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | Criminal Nos. **3:12-CR-317-L** |
| | § | **3:12-CR-413-L** |
| **BARRETT LANCASTER BROWN** | § | |

## ORDER

Although the court explained on the record the manner in which it calculated the advisory

guidelines during the sentencing hearing in this case on January 16, 2015, the court files this order

to reflect the action it took, which is fully reflected in the transcript of the hearing. The court also

addresses the issue raised at the end of the hearing regarding the return of Defendant Barrett Brown's

("Defendant") copy of the Declaration of Independence.

Regarding the calculation of the advisory guidelines:

• The court agreed with the Government that the three counts (Accessory, Obstruction, Threats) should be grouped into a single group ("Group") pursuant to U.S.S.G. § 3D1.2(c) on a nonaggregate basis because the Obstruction and Threats counts embody conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to the Accessory count. The court therefore overruled Defendant's objection to grouping the counts as a single Group.

• The court, however, agreed with Defendant that the guidelines should be calculated in accordance with the procedure set forth in *United States v. Dickson*, 632 F.3d 186, 191 (5th Cir. 2011). Accordingly, the court first determined the base offense level for each offense and applied any specific offense characteristics or enhancements [pursuant to U.S.S.G. § 1B1.1(a)(1)-(4)] to each offense to determine which count resulted in the highest adjusted offense level before grouping the counts and determining the offense level applicable to the Group in accordance with U.S.S.G. § 3D1.3(a).

• According to the court's calculation, the Accessory count resulted in the highest adjusted offense level of 26 as indicated below. In calculating the offense level for the Accessory count, rather than applying the six-level victim related adjustment recommended in the Presentence Investigation Report and Addendum for Defendant's threats to FBI agent Robert Smith (Threats count), the court determined that Defendant's conduct in this regard, as well as his conduct in concealing evidence, was more appropriately characterized as obstructive

conduct or efforts to interfere with and hamper the FBI's investigation of the underlying offense.  The court therefore included a two-level adjustment to account for this conduct.

INTERNET THREATS COUNT

| Guideline | Description | Calculation |
|---|---|---|
| § 2A6.1(a) | Base offense level | 12 |
| § 2A6.1(b)(2) | Defendant made several threats to injure FBI Special Agent Robert Smith between March 6, 2012, and September 12, 2012.  Two levels are therefore added. | +2 |
| § 3A1.2(b) | Official victim and Chapter 2, Part A offense | +6 |
| | **Adjusted Offense Level (Threats)** | **20** |

ACCESSORY AFTER THE FACT COUNT

| Guideline | Description | Calculation |
|---|---|---|
| § 2X3.1 | Use base offense level for underlying offense | |
| § 2B1.1(a)(2) | Base offense level 6 | 6 |
| § 2B1.1(b)(1)(H) | Loss amount of more then $400,000 but less than $1M | +14 |
| § 2B1.1(b)(l)(c) | Sophisticated means | +2 |
| § 2B1.1(b)(17)(B) | Unauthorized dissemination of personal information | +2 |
| § 2B1.1(b)(2)(B) | Defendant is accountable for more than 50 but less than 250 victims. Four levels are therefore added. | +4 |
| § 2B1.1(b)(11)(B)(i) & (11) | The offense involved trafficking of unauthorized access devices and authentication features.  Two levels are therefore added. | +2 |
| | Subtotal | 30 |
| § 2X3.1(a) | Subtract 6 levels | -6 |
| | Base offense level | 24 |
| § 3C1.1 | Obstruction adjustment based on Defendant's concealment of evidence [Obstruction count] and threats to the investigating FBI agent [Threats count] to hamper investigation. Two levels are therefore added. | +2 |
| | **Adjusted Offense Level (Accessory)** | **26** |

OBSTRUCTION COUNT

| Guideline | Description | Calculation |
|-----------|-------------|-------------|
| § 2A2.4 | Base offense level | 10 |
| | **Adjusted Offense Level (Obstruction)** | **10** |

- Because the Accessory count produced the highest adjusted offense level of 26, it became the offense level for the Group (consisting of the three counts) and was used to calculate the advisory guidelines for the Group under section 3D1.3(a) . Because all counts were grouped into a single Group, it was not necessary for the court to apply section 3D1.4 to determine the number of units[*] that would apply when there are two or more groups because note 1 to section 3D1.4 states that when "[a]pplication of the rules in 3D1.2 and 3D1.3 . . . produce a single Group of Closely Related Counts . . . the combined offense level is the level corresponding to the Group determined in accordance with 3D1.3."

- From the offense level for the Group (26), three levels were deducted for acceptance of responsibility to arrive at a total offense level of 23 for the Group. Based on a Criminal History Category of II and total offense level of 23, the court determined that Defendant's advisory guideline range was 51 to 63 months.

With respect to Defendant's inquiry during the January 16, 2015 sentencing hearing regarding the return of his copy of the Declaration of Independence, Defendant's counsel acknowledged that this is one of the items that Defendant agreed to forfeit as part of his Plea Agreement. Upon further reflection, however, the court can think of no reason why Defendant should have to forfeit his copy of the Declaration of Independence, as it was not used to commit any of the crimes of which he was convicted or used in conjunction with any of these crimes. Thus, notwithstanding the agreement between the parties, the court **declines** to accept the portion of the Plea Agreement that requires Defendant to forfeit his copy of the Declaration of Independence. Accordingly, the court **orders** the Government to return Defendant's copy of the Declaration of Independence to his counsel within **ten (10) days** of the date of this order.

---

[*] The court mistakenly referred to section 3D1.2 during the hearing when addressing the applicability of units in this case; however, it is clear from the transcript that the court was referring to section 3D1.4, which applies when determining the number of units and corresponding levels to be added in cases involving **more than one** group.

**It is so ordered** this 28th day of January, 2015.

Sam A. Lindsay
United States District Judge