IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION
Hon. Sam A. Lindsay

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | Case No: 3:12-CR-00317-L(1) |
| | § | 3:12-CR-00413-L(1) |
| v. | § | |
| | § | RULE 35 MOTION FOR |
| BARRETT LANCASTER BROWN | § | AMENDMENT OF THE COURT'S |
| | § | RESTITUTION ORDER |

**RELIEF REQUESTED**

Comes now Barrett Brown, by and through his attorney of record, Charles Swift, and seeks that the Court amend that portion of the PSR ordering restitution to Strategic Forecasting in the amount of $815,000, by removing the same and adjusting the total restitution amount to between $10,000 and $30,000, or in the alternative, to $75,250, as clear error under Fed. R. Crim. Pro. 35.

**FACTS**

On 28 January, 2014, in accordance with its in-court imposition of judgment, this Court ordered that the defendant, Barrett Brown, pay restitution in the amount of $890,250. The breakdown of restitution based on individual victims was $30,000 to Combined Systems, Inc., $45,250 to the Law Firm of Puckett and Faraj, and $815,000 to Strategic Forecasting, Inc. The court waived interest on the above amounts based on a determination that the defendant did not have the ability to pay such interest. The Court did not make factual findings with respect to the restitution amount ordered.  The Court, however, had adopted the portion of the PSR related to restitution wherein the Probation office set out the above portions as mandatory.  In the PSR, Probation offered no analysis beyond citing 18 U.S.C. § 3663.  Further, Probation failed to note that the plea agreement addressed potential loss for which Mr. Brown would be responsible for

1

in restitution. While Paragraph 5 of Mr. Brown's plea agreement attributed the loss for sentencing guideline purposes to be between $400,000 and $1,000,000, Paragraph 13 of the plea agreement attributed the loss for which Mr. Brown was responsible, based on his conviction for accessory after the fact, as being between $10,000 and $30,000. The language of paragraph 13 did not make it binding on the court.  Despite the agreement in paragraph 1, neither the government nor Mr. Brown objected to this portion of the PSR pertaining to restitution.

## ARGUMENT

Relief is appropriate in this case under Fed. R. Crim. Pro. 35.  Rule 35 permits a court to, within 14 days after sentencing, correct a sentence that resulted from arithmetical, technical, or other clear error. Rule 35, extends "only to those cases in which an obvious error or mistake has occurred in the sentence, that is, *errors which would almost certainly result in a remand of the case to the trial court*." *U.S. v. Ross*, 557 F.3d 237, 241 (5th Cir. 2009) (internal quotation marks and citations omitted).  For the reasons set forth below, Mr. Brown asserts that the Court's restitution order is plain error which would almost certainly result in remand.

Federal courts have no inherent power to award restitution, restitution orders are proper "only when and to the extent authorized by statute." *United States v. Evers*, 669 F.3d 645, 655-656 (6th Cir. 2012) (internal quotation marks omitted).  In the present case, the statute relied on by the Court to award restitution is the Mandatory Victims Restitution Act of 1996 (MVRA) found at 18 U.S.C. §§ 3663A-3664. 18 U.S.C. § 3663A of the MVRA defines the circumstance where restitution is mandatory. *See* 18 U.S.C. § 3663A(a)(1) requiring that for crimes of violence, certain offenses against property, and crimes related to tampering with consumer products due to which a victim has suffered either a physical or pecuniary loss, "the court shall order, in addition

to . . . any other penalty authorized by law, that the defendant make restitution to the victim of the offense." *Id*. The method for calculating the amount of restitution is set out by 18 U.S.C. § 3664.

The Court's failure to consider the pretrial agreements apportionment of liability to Mr. Brown of between $10,000 and $30,000 is plain error requiring adjustment of the restitution order.

Under § 3664, joint and several liability may be appropriate where there is more than one defendant and each has contributed to the victim's injury. If the court finds that more than [one] defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution *or may apportion liability* among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant." 18 U.S.C. § 3664(h). In Mr. Brown's case the damages were primarily caused by Jeremy Hammond who, along with others, but not including Mr. Brown, hacked Strategic Forces and caused the $815,000 worth of damage to their computer systems. Subsequent to the hack of Strategic Forces, Jeremy Hammond also hacked Combined Systems and Puckett and Faraj. The PA agreement between the parties reflects the fact that Mr. Brown had a minimal role in the actual damage, e.g. the suggestion that Combined Systems website be defaced and similar suggestions with regards to Puckett and Faraj. Despite this agreed minimal role, Mr. Brown was awarded liability for restitution for all of the damage done to each of these without a contrary finding.

This award presumably stems from a mistaken belief by Probation that under the MVA, this Court was mandated to require full restitution for all damage done to identified victims. There is some dispute as to whether joint and several liability may be imposed upon defendants in separate cases, as is the case here. The Fourth and Sixth Circuits have held, in unpublished opinions, that § 3664(h) does not apply to in cases where the defendants are tried in separate cases. *See United States v. McGlown*, 380 Fed. Appx. 487, 2010 WL 2294527, at *3 (6th Cir. 2010); *United States v. Channita*, 9 Fed. Appx. 274, 2001 WL 578140, at *1 (4th Cir. 2001). The Fifth Circuit, however, has held that a district court may order joint and several liability for a lone defendant in *Paroline v. Amy Unknown* (In re Amy Unknown), 636 F.3d 190, 201 (5th Cir. Tex. 2011), citing § 3664(m)(1)(A), which provides that a district court may "enforce[]" a restitution order "by all other available and reasonable means." *Id* at 201. See also *United States v. Monzel*, 641 F.3d 528, 539 (D.C. Cir. 2011)(recognizing that the 5th Circuit's holding permitted several liability even when a single defendant was in front of the court).

In light of *Paroline,* the Court's adoption of the PSR's recommendation regarding restitution is clearly erroneous. *See United States v. Crawley*, 533 F.3d 349, 358 (5th Cir. Tex. 2008), holding that with respect to restitution, (A) trial court abuses its discretion when its ruling is based on an *erroneous view of the law* or a clearly erroneous assessment of the evidence." (citations omitted). The only explanation for the lack of an explanation by the Court regarding its decision not to award restitution in accordance with a recommendation of the parties under the plea agreement is that the court was under the mistaken belief that it had no power to apportion the amount of restitution paid by Mr. Brown.

Even if the Court determined that Mr. Brown should be fully liable for restitution to Combine Systems and Puckett and Faraj, Mr. Brown is not liable for restitution for to Strategic Forces under the MVRA because his conduct did not proximately caused the damage to Strategic Forces.

The MVRA defines a victim as

> a person *directly and proximately* harmed as a result of the *commission of an offense* for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any *person directly harmed by the defendant's criminal* conduct in the course of the scheme, conspiracy, or pattern." Id. § 3663A(a)(2) (Emphasis added).

An important distinction is that the relevant conduct for restitution under the MRVA is unlike sentencing provisions for loss which can consider the relevant conduct of co-actors,[1] the determination of whether the defendant's criminal conduct was the proximate cause is limited to the criminal conduct which serves as the basis of the offense. *See United States v. Squirrel,* 588 F.3d 207, 212 (4th Cir. N.C. 2009) (Noting that the government had correctly conceded "that the accessory-after-the-fact offenses in this case do not have as an element a scheme, conspiracy, or pattern of criminal activity. *Id*. 212".)

While conviction for accessory after does not *per se* prevent the imposition of restitution on persons based on their convictions, it does require an analysis of whether the convicted conduct was the proximate cause of the damage.  There are situations where, despite the criminal conduct

---

[1] Application Note 10 to §1B.1.3 of the Federal Sentencing Guidelines which directs that "(I)n the case of solicitation, misprision, or accessory after the fact, the conduct for which the defendant is accountable includes all conduct relevant to determining the offense level for the underlying offense that was known, or reasonably should have been known, by the defendant."

being complete and the damages therefore normally being likewise complete, that the accessory after the facts furthers the damages by preventing the victim from recovering the loss. This situation is typified by a financial crime wherein the accessory after the fact in aiding the primary perpetrator included aiding the perpetrator in hiding the stolen funds, thereby proximately causing the loss of the funds. *See United States v. Quackenbush,* 9 Fed. Appx. 264, 2001 WL 574649 (4th Cir. 2001) (per curiam) (unpublished)(upholding an order of restitution of stolen funds where the accessory after the fact had possession of the funds and therefore contributed to their loss).

Simply aiding the perpetrators, however, is insufficient to establish proximate cause. The leading case for this proposition is *United States v. Squirrel*, 588 F.3d 207, (4th Cir. N.C. 2009). In *Squirrel*, the appellants had pled guilty to accessory after the fact to murder. The facts related to the appellants' pleas included that the appellants had driven the perpetrator to the site of the murder, witnessed the murder, driven the perpetrators from the crime scene, aided in disposing of the murder weapon, and agreed in fabricating a story about it. *Id*. at 214. The Court nevertheless found that an order of restitution to the victim's family for funeral expenses and lost income was erroneous because none of their offense conduct "contributed to or exacerbated any lost income that might potentially have been earned by the victim had she not been killed by (the perpetrator)." *Id.* In making this finding, the Court specifically rejected the argument by the government that appellants' conduct of obstructing the apprehension of the perpetrator was sufficient to constitute proximate cause of the loss of her income, finding that "their (the appellants) criminal activity, unlike Quackenbush's (which did increase the financial harm to the bank), did nothing to cause or increase the financial harm." *Id* at 215. Finally, because the

appellants had failed to raise the argument during sentencing, the court necessarily found that the imposition of restitution in a case where there was no evidence of proximate cause was plain error.

Mr. Brown is similarly situated to the appellants in *Squirrel*. Like the appellants in *Squirrel*, the factual record establishes some basis for foreknowledge of the Strategic Forces hack. Mr. Brown's criminal conduct, however, as an accessory after the fact had no proximate relationship to the actual damage caused to Strategic Forces. The hackers completed the damage to Strategic Forces' computer system before they announced the fact of the hack, and critically before Mr. Brown took an active role by offering to contact the company. Mr. Brown's actions after the fact were limited to aiding the hackers in concealing their identity, and in gaining favorable publicity. While these actions combined with a question by Mr. Brown that caused Hammond to deface the website of Combined Systems and advice regarding what materials to take, may be said to have proximately cause the subsequent damages to Combined Systems and Puckett and Faraj, these actions did not proximately cause the harm to Strategic Forces computer system any more than the appellant's actions in *Squirrel* had caused the losses to the victim's family. Absent proximate cause, it was clearly erroneous to order restitution on the part of Mr. Brown to Strategic Forces in any amount.

## COMPLIANCE WITH CONFERENCE

Counsel contacted AUSA Candina Heath, and she indicated that the government does not agree with this Motion.

**PRAYER FOR RELIEF**

For the reasons given above, Mr. Brown prays that this Honorable Court amend its order to order restitution to reflect that restitution be paid in a partial amount to Combined Systems Inc. and the Law Firm of Puckett and Faraj in an amount of between $10,000 and $30,000, in accordance with the recommendation set out in his plea agreement, or alternative if the Court believed that despite the party's recommendation that Mr. Brown should be fully liable for the damage done to Combined Systems Inc. and the Law Firm of Puckett and Faraj, despite the parties agreement that Mr. Brown be responsible for $30,000 of loss, that Brown be order to make restitution to Combined Systems Inc. in the amount $30,000, and restitution in the amount of $45,200 to the Law Firm of Puckett and Faraj.

Respectfully submitted this 11th day of February, 2015,

*/s/ Charles Swift*
CHARLES SWIFT
Pro Hac Vice
Swift & McDonald, P.S.
833 – E. Arapaho, Ste 102
Richardson, TX 75081


MARLO P. CADEDDU
TX State Bar No. 24028839
Law Office of Marlo P. Cadeddu, P.C.
3232 McKinney Ave., Suite 700
Dallas, TX 75204
214.744.3000
214.744.3015 (facsimile)
mc@marlocadeddu.com

CERTIFICATE OF SERVICE

      I certify that today, February 11, 2015, I filed the instant motion using the Northern District of Texas's electronic filing system (ECF) which will send a notice of filing to all counsel of record.

                                  */s/ Charles Swift*
                                  CHARLES SWIFT
                                  Attorney for Barrett Brown