IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | No. 3:12-CR-413-L |
| BARRETT LANCASTER BROWN, | |
| Defendant, | |
| and | |
| FIRST LOOK MEDIA WORKS, INC., MACMILLAN PUBLISHERS, INC., and WRITERS HOUSE, LLC, | |
| Garnishees. | |

**UNITED STATES' MOTION FOR ORDER
IMPOSING FEDERAL LIEN AND FINAL ORDER OF GARNISHMENT**

The United States of America moves this court, pursuant to 18 U.S.C. § 3613 and 28 U.S.C. § 3205 of the Federal Debt Collection Procedures Act (FDCPA), to enter an order imposing a federal lien and final order of garnishment against any and all substantial nonexempt property and rights to property of defendant-judgment debtor, Barrett Lancaster Brown, held directly or indirectly, individually and/or as agent, director, manager, officer or shareholder of any entity in which he has any legal interest, regardless of title, including any interest held or owned under any other name, trust, and/or business entity, that is in the possession, custody, or control of each garnishee and their successors and assigns, and in support states:

## BACKGROUND

1. Brown pled guilty to internet threats, accessory after the fact to an unauthorized access to a protected computer, obstructing the execution of a search warrant, and aiding and abetting in violation of 18 U.S.C. § § 875(c), 1030(a)(5)(B) and (c)(4)(A)(i)(I), and 1501 and 2.  This court entered judgment against Brown on January 22, 2015, including restitution in the amount of $890,250 as required by the Mandatory Victim Restitution Act (MVRA), 18 U.S.C. §§ 3663A-3664.  *See* Judgment, (Dkt. 106).  As of December 1, 2017, Brown's outstanding balance was $886,710.

2. To enforce this court's judgment, the United States sought, obtained, and served writs of garnishment on garnishees First Look Media Works, Inc. (First Look), MacMillan Publishers, Inc. (MacMillan), and Writer's House, LLC (Writers), and their successors, affiliates, and/or assigns, in order to secure property in which Brown has a substantial nonexempt interest.  *See* Garnishment Process (Dkts. 111-17).

3. Pursuant to the writs, garnishees MacMillan and Writers filed answers stating they had in their possession, custody, or control earnings belonging to or due Brown under book publishing contracts.  *See* MacMillan and Writers Answers (Dkts. 118-19).  First Look answered that it made payments to Brown for assignments, from July 18, 2015 through December 15, 2016, pursuant to a contract.  *See* First Look Answer (Dkt. 120).

4. After the garnishees had been served, the United States served Brown with the writs and notified him of his right to claim exemptions or request a hearing (Dkt.

121), but he did not request a hearing, and the statutory time period to do so has elapsed. *See* 28 U.S.C. § 3202(d).

## AUTHORITIES AND ARGUMENT

5. Pursuant to 18 U.S.C. § 3613(c), upon entry of judgment, a lien arose against all of Brown's property and rights to property. *See United States v. Loftis*, 607 F.3d 173, 176-79 (5th Cir. 2010) (citing *Medaris v. United States*, 884 F.2d 832, 833-34 (5th Cir. 1989)).

6. The FDCPA broadly defines property to include "any present or future interest, whether legal or equitable, in real, personal (including choses in action), or mixed property, tangible or intangible, vested or contingent, wherever located and however held (including community property and property held in trust (including spendthrift and pension trusts." *See* 28 U.S.C. § 3002(12). The FDCPA also defines earnings broadly as "compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments to a pension or retirement program." *See* 28 U.S.C. § 3002(6).

7. The FDCPA provides the United States with nationwide enforcement powers in 28 U.S.C. § 3004(b), including writs of garnishment under 28 U.S.C. §§ 3104 and 3205. *See United States v. Lazorwitz*, 411 F. Supp. 2d 634, 638 (E.D.N.C. 2005) (holding a writ of garnishment was properly filed in North Carolina, even though defendant resided in Texas, and garnishee was located and served in New York).

8. Courts have universally held that the civil-enforcement remedies of the FDCPA may be used to collect restitution within the criminal case in which the defendant

was originally convicted.  *See, e.g., United States v. Witham*, 648 F.3d 40, 49 (1st Cir. 2011) ("MVRA provides the United States with independent authorization to invoke procedures under the FDCPA in order to enforce all orders of restitution in criminal cases"); *United States v. Woods*, 377 F. App'x. 311 (4th Cir. 2010) (unpublished) (affirming orders allowing government to proceed in criminal case docket, without filing a separate civil action); *United States v. Kollintzas*, 501 F.3d 796, 800-01 (7th Cir. 2007) (district court may entertain civil-collection proceedings within an underlying criminal case (citing *United States v. Vitek Supply Co.*, 151 F.3d 580, 585-86 (7th Cir. 1998)); *United States v. Mays*, 430 F.3d 963, 966 (9th Cir. 2005) (government need not bring a separate civil suit to obtain FDCPA remedy, but may file post-judgment enforcement action in criminal court in which defendant was originally convicted).

9. The FDCPA provides that within 20 days of service, judgment debtors or interested parties may request a hearing to determine: (1) the probable validity of any claim for exemption; (2) the compliance with the statutory requirement for the issuance of the writ; or (3) certain issues that pertain to the enforcement of default judgments.  *See* 28 U.S.C. § 3202(d).

10. The exclusive and limited exemptions available to criminal judgment-debtors under 18 U.S.C. § 3613(a) are listed in the clerk's notice that Brown and each garnishee received.

11. The United States is entitled to 25% of each periodic payment due or owing to Brown from garnishees as his nonexempt disposable earnings from the date that each garnishee was served with the writ and continuing until further order.  *See* 15 U.S.C. §

1673; 18 U.S.C. § 3613(a); 28 U.S.C. § 3002(9).

12. The Unites States further notes for the defendant and each garnishee that Federal Rule of Civil Procedure 70 provides for civil contempt when a party is not "reasonably diligent and energetic in attempting to accomplish what was ordered." *Stotler and Co. v. Able*, 870 F.2d 1158, 1163 (7th Cir. 1989). Additionally, Rule 71 provides for civil contempt against a nonparty when it has actual knowledge of the court order and "either abets the [defendant] or is legally identified with him." *Id. and see, e.g., United States v. Santee Sioux Tribe of Nebraska, et al.*, 254 F.3d 728, 735, 737 (8th Cir. 2001) (FDCPA broadly defines property subject to garnishment and finding contempt where individuals aware of court order disregarded it).

13. Therefore, the United States requests entry of a garnishment order under pursuant to 28 U.S.C. § 3205(c)(7) ("after the garnishee files an answer and if no hearing is requested within the required time period, the court shall promptly enter an order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in such property.")

14. The Clerk of the Court collects all payments on monetary penalties imposed in criminal cases; accordingly, all payments should have 3:12-CR-413-L written in the lower left corner of each cashier's check or money order and be submitted to:

Clerk of Court
United States District Court
Northern District of Texas
1100 Commerce Street, Room 1452
Dallas, TX 75242

# CONCLUSION

Wherefore, the United States moves for entry of an order as follows:

A.  A federal lien has been imposed on all substantial nonexempt property and rights to property of defendant-judgment debtor, Barrett Lancaster Brown, held directly or indirectly, individually and/or as agent, director, manager, officer or shareholder of any entity in which he has any legal interest, regardless of title, including any interest held or owned under any other name, trust, and/or business entity, that is in the possession, custody, or control of each garnishee and their successors and assigns that limits the ability to take loans against or otherwise receive distributions from those funds; and

B.  Each garnishee shall pay to the Clerk of the Court 25% of all disposable earnings due or owing to Barrett Lancaster Brown, directly or indirectly, individually and/or as agent, director, manager, officer or shareholder of any entity in which he has any legal interest, regardless of title, including any interest held or owned under any other name, trust, and/or business entity from the date that each garnishee was served with the writ until further notice.

Respectfully submitted,

ERIN NEALY COX
UNITED STATES ATTORNEY

*/s/ Melissa A. Childs*
MELISSA A. CHILDS
Assistant United States Attorney
Illinois Bar No. 6273797
1100 Commerce Street, Third Floor
Dallas, TX 75242-1699
Telephone: 214-659-8600
melissa.childs@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney certifies that in accordance with Fed. R. Civ. P. 5, LR 5.1, and Fed. R. Crim. P. 49, LCrR 49.2, and the Miscellaneous Order on Electronic Case Filing (ECF), the following document:

Motion for Order Imposing Federal Lien and Final Order of Garnishment

was served pursuant to the district court's ECF system, and was sent by e-mail and first-class mail on December 8, 2017 to the following non-ECF filers:

First Look Media Works, Inc.
David S. Bralow
Associate General Counsel
114 5th Avenue, 19th Floor
New York, NY  10011
david.bralow@firstlook.org

Macmillan Publishers, Inc.
Wendy Szymanski
Assistant General Counsel
175 Fifth Avenue
New York, NY 10010
wendy.szymanski@macmillam.com

Writers House, LLC
Maria Aughavin, CFO
21 West 26th Street
New York, NY 10010
maughavin@writershouse.com

Jason Scott Leiderman
Attorney for Barrett Lancaster Brown
770 County Square Dr., Ste. 101
Ventura, CA 93003-5407
Jay@Criminal-Lawyer.me

*/s/ Melissa A. Childs*
MELISSA A. CHILDS